**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-6784**

UNITED STATES OF AMERICA,

        Petitioner - Appellee,

    v.

JONAH JAMES HAWKINS,

        Respondent - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. Louise W. Flanagan, District Judge. (5:18-hc-02237-FL)

Submitted: December 22, 2020               Decided: January 21, 2021

Before GREGORY, Chief Judge, THACKER, and RUSHING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

G. Alan DuBois, Federal Public Defender, Jaclyn L. DiLauro, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Raleigh, North Carolina, for Appellant. Robert J. Higdon, Jr., United States Attorney, Joshua Royster, Assistant United States Attorney, Genna D. Petre, Special Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jonah James Hawkins appeals the district court's order civilly committing him as a sexually dangerous person pursuant to the Adam Walsh Child Protection and Safety Act of 2006 ("Act"), 18 U.S.C. §§ 4247, 4248.  We affirm.

We review the district court's legal conclusions de novo and its factual findings for clear error.  *United States v. Charboneau*, 914 F.3d 906, 912 (4th Cir. 2019).  To obtain a civil commitment order under the Act, the Government must establish by clear and convincing evidence that

> (1) the individual has previously engaged or attempted to engage in sexually violent conduct or child molestation (the prior conduct element); (2) the individual currently suffers from a serious mental illness, abnormality, or disorder (the serious mental illness element); and (3) as a result of such condition, the individual would have serious difficulty in refraining from sexually violent conduct or child molestation if released.

*Id.* at 908 (citations and internal quotation marks omitted); *see* 18 U.S.C. § 4247(a)(5), (6).

Hawkins conceded the applicability of the first two prongs before the district court but contends that the district court erroneously concluded that Hawkins would have serious difficulty in refraining from child molestation if released.  Hawkins makes three specific assertions: (1) the district court impermissibly shifted the burden of proof from the Government to him; (2) the district court violated the Due Process Clause by considering Hawkins' 28 U.S.C. § 2255 motion challenging various conditions of supervised release imposed in his separate criminal case; and (3) the district court erroneously focused on Hawkins' inability to refrain from contacting prepubescent girls rather than his ability to refrain from acts of child molestation.

2

Hawkins argues, based on a footnote in the district court's opinion, that the district court improperly shifted the burden of proof to him by requiring him to prove that he had not committed acts of child molestation since he was 17 years old in 2008. To the contrary, the district court articulated the correct burden of proof, laid out the facts and the expert testimony, and explained its conclusion that the Government had established each prong by clear and convincing evidence. Further, to the extent that the district court considered Hawkins' § 2255 motion challenging various conditions of his supervised release, that consideration was entirely proper under the relevant factors that we have articulated for the analysis under the third prong of the standard. *See United States v. Wooden*, 693 F.3d 440, 462 (4th Cir. 2012) (noting relevance of difficulty complying with terms of supervision). Finally, we conclude that the district court properly credited the testimony of the Government's experts that Hawkins' repeated contacts with young girls over the previous decade—in violation of the conditions of his state probation—were evidence that he would have serious difficulty in refraining from engaging in child molestation.

We affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*